UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACKILYN BUNNELL,

    Plaintiff,

v.

    Case No. 2:22-cv-12414
    Hon. Brandy R. McMillion

WILLIAM BEAUMONT HOSPITAL,

    Defendant.
_____/

**ORDER ADOPTING THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 27), OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 30), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 20), DISMISSING THE AMENDED COMPLAINT (ECF NO. 13)**

Plaintiff Jackilyn Bunnell ("Bunnell") filed this sex discrimination action against her former employer Defendant William Beaumont Hospital ("Beaumont"), alleging violations of both federal and state law for pregnancy discrimination after giving birth and being terminated during the COVID-19 pandemic. *See generally* ECF No. 13. Beaumont filed a Motion for Summary Judgment. ECF No. 20. Magistrate Judge Curtis Ivy, Jr. recommends that the motion be granted (ECF No. 27) and Bunnell objects (ECF No. 30). Having reviewed the record and considering Bunnell's objections *de novo*, the Court adopts the recommended disposition and **GRANTS** Beaumont's Motion for Summary Judgment.

1

## I.

Bunnell worked for Beaumont as a cardiac ultrasonographer. ECF No. 23, PageID.1759. Bunnell's allegations concern Beaumont's treatment of her in the months before, during, and after her pregnancy. *See generally* ECF No. 13. Specifically, Bunnell alleges that Beaumont acted unlawfully when it removed her from the labor pool, decided to lay her off in April 2020 amidst the COVID-19 pandemic, and terminated her in February 2021. *Id.*

Bunnell first notified Beaumont of her pregnancy in December 2019. *Id.* at PageID.95. In February 2020, she made two requests for accommodation to Beaumont because of her pregnancy. *Id*. at PageID.97. She requested that she be given assignments at the hospital where she could avoid both radiation exposure and infectious diseases. *Id*. In March 2020, in response to the onset of the COVID-19 pandemic, Beaumont shifted employees into a "labor pool." ECF No. 23, PageID.1761. The labor pool directed employees who were not able to perform their regular jobs, due to the pandemic, to other available positions around the hospital. *Id*. Bunnell was placed in this labor pool. *Id*. She was temporarily removed from the labor pool in mid-April after a manager complained about the staff on a particular shift Bunnell was working. *Id.* at PageID.1762. Shortly thereafter, in April 2020, Bunnell was laid off by her supervisor, Tracy Zeiter. *Id*. at PageID.1763. Zeiter

claims the layoff decisions were based on "productivity, overall volumes, portable volumes, [and] seniority," using data from 2019. ECF No. 27, PageID.2019.

Bunnell gave birth in June 2020 and took FMLA medical leave thereafter. ECF No. 23, PageID.1763. She was cleared to return to work on October 21, 2020, but was told that Beaumont was unable to rehire her at that time. *Id*. at PageID.1763; ECF No. 27, PageID.2023. On October 21, 2020, Zeiter received an email from the "lead echo person" on Beaumont's Dearborn campus inquiring into someone who was interested in a full-time day shift. ECF No. 27, PageID.2022. Bunnell was never made aware of the Dearborn position. *Id*. at PageID.2023. Bunnell remained laid off. ECF No. 23, PageID.1765.

At the beginning of 2021, Beaumont instituted a policy in which employees who did not find a position by February 5, 2021 would be granted severance and considered resigned. ECF No. 27, PageID.2024; ECF No. 23, PageID.1765. Bunnell did not accept any position offered to her before February 5, 2021. ECF No. 23, PageID.1765. Accordingly, she was offered a severance (which she declined) and was terminated. *Id.*

Bunnell brought this action on October 10, 2022. *See* ECF No. 1. She amended her complaint to include claims of sex discrimination in violation of Title VII (Count I) and the Elliott-Larson Civil Rights Act ("ELCRA") (Count II); retaliation under Title VII (Count III), the ELCRA (Count IV) and Family Medical

Leave Act ("FMLA") (Count X); discrimination, retaliation, and failure to accommodate under the Americans with Disabilities Act ("ADA") (Counts V and VII); discrimination and retaliation under Michigan Persons with Disabilities Civil Rights Act ("PWDCRA") (Counts VI and VIII); interference under FMLA (Count IX); and Intentional Infliction of Emotional Distress ("IIED") (Count XI). *See* ECF No. 13. Beaumont moved for summary judgment. In doing so, Beaumont argues that Bunnell is unable to proffer evidence from which a reasonably jury could find in her favor on any of her eleven claims. *See* ECF No. 20. Bunnell responded and the motion was fully briefed. ECF Nos. 23, 24.

      This case was originally assigned to the Honorable Paul D. Borman. When Beaumont filed its motion, Judge Borman referred all pretrial matters to Magistrate Judge Curtis Ivy Jr., including Beaumont's Motion for Summary Judgment. ECF No. 21. This case was reassigned to the undersigned on April 2, 2024. The Court re-referred all pretrial matters to Magistrate Judge Ivy, including Beaumont's Motion for Summary Judgment. ECF No. 26. Magistrate Judge Ivy issued a Report and Recommendation ("R&R") suggesting that the Court grant Beaumont's motion for summary judgment and dismiss the case. ECF No. 27. Bunnell objects to the R&R. ECF No. 30.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted). The Court also need not undertake any review of portions of a report to which no party has objected. *See Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires

5

at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### III.

Bunnell lodges eight objections to Magistrate Judge Ivy's R&R. *See* ECF No. 30. Many of the objections simply restate her arguments in response to the motion for summary judgment or fail to raise specific objections. Because objections must be clear so that the Court can "discern those issues that are dispositive and contentious" and mere restatement of argument is not appropriate or sufficient, the Court summarily overrules **Objections 2, 4, 5, 6, and 8**[1]. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016). The Court also overrules and will address the remaining objections.

**Objection 1**: Bunnell argues that the R&R fails to apply the proper standard for adjudicating a motion brought under Rule 56. ECF No. 30, PageID.2064. Magistrate Judge Ivy's recommendation rested on his finding that Bunnell cannot carry her burden at trial to "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a

---

[1] Objection 8 is not properly labeled as such, but the Court acknowledges it as the eighth objection. *See* ECF No. 30, PageID.2095.

6

pretext for discrimination." ECF No. 27, PageID.2030-2031. Bunnell argues that this standard is appropriate for the finder of fact at trial, but not for the judge at summary judgment. ECF No. 30, PageID.2065. She argues that the proper standard, the one the court should have applied, is "whether Plaintiff has put forth sufficient evidence for a reasonable jury to find her to have met her burden of proof." ECF No. 20, PageID.2067. By applying the former standard, Bunnell argues, Magistrate Judge Ivy improperly assumed the role of the jury. This Court disagrees.

Though Magistrate Judge Ivy held that Bunnell cannot meet her burden to establish pretext (ECF No. 27, PageID.2031), he was not making factual or credibility determinations. Properly understood, Magistrate Judge Ivy's ruling is that Bunnell has not put forth sufficient evidence for a reasonable jury to find she has met her burden. *See e.g.,* ECF No. 27, PageID.234 ("Plaintiff's assertion that Zeiter cherry-picked the data to support the decision *is not based on record evidence*. It is Plaintiff's speculation.") (emphasis added); *see also id.* ("[S]he provides no evidence to prove [her pregnancy made her less productive]. Both arguments are mere speculation and cannot be used to defeat summary judgment"). Judge Ivy is not improperly assuming the role of the jury by deciding that Bunnell's evidence is not sufficient for a reasonable jury to find she has met her burden.

In fact, Bunnell agrees: in establishing pretext, "*[a]s long as the employee produces sufficient evidence* from which a jury could reasonably reject

7

[Defendant's] explanation of why it fired her, Plaintiff can carry her burden." ECF No. 30, PageID.2068 (internal quotations omitted) (cleaned up). Plaintiff must still be able to produce such evidence to survive summary judgment. When determining whether a reasonable jury could find for Plaintiff at the summary judgment stage, the Court may consider what the jury will be tasked with at trial and what a reasonable jury would have to find for Plaintiff by preponderance of the evidence at trial. Here, in reviewing the record and the arguments set forth in both parties' briefs, the Court finds Bunnell has established no such preponderance.

**Objection 3:** In addition to restating previous arguments, Bunnell's third objection accuses the Magistrate Judge of not "truly" considering evidence that Zeiter acted with discriminatory/retaliatory animus. ECF No. 30, PageID.2075. Further, Bunnell claims that the R&R improperly "fragment[ed] the extensive evidence it did address." ECF No. 30, PageID.2077. The Court disagrees with both assertions. There is no evidence of the R&R ignoring the evidence Bunnell offered. As with Objection 1, the R&R properly decided, and the Court finds upon its own review, that the evidence Bunnell provided would not be sufficient for a reasonable jury to find Zeiter acted discriminatorily or retaliatorily.

**Objection 7:**[2] Bunnell argues that Magistrate Judge Ivy misapplied legal standards and caselaw, and thus, improperly found that Beaumont did not violate the FMLA when it failed to offer her a "reasonable equivalent position." ECF No. 30, 2089.  The Court disagrees with Bunnell that Magistrate Judge Ivy misapplied the law.  Judge Ivy correctly applied caselaw to determine that (1) because Bunnell was furloughed before taking FMLA medical leave, her right to reinstatement was to her status as furloughed – the "position of employment [she] held … when the leave commenced" (ECF No. 30, PageID.2089); and (2) that the role available while Bunnell was on medical leave and the role in Dearborn were not "equivalent" for the purposes of FMLA's substantive right to reinstatement.  ECF No. 27, PageID.2042-2046.

The Court finds that Bunnell was not entitled to either position under the FMLA, and therefore cannot establish an FMLA interference claim. *See Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572 (6th Cir. 2007).  Further, the right to reinstatement is triggered *after* the employee has taken FMLA leave. *Arban v. W. Pub. Corp.*, 345 F.3d 390, 401 (6th Cir. 2003) ("If an employer interferes with the FMLA-created right to medical leave or to reinstatement *following the leave*, a violation has occurred.") (emphasis added).  Bunnell was not entitled to be told of

---

[2] Objection 7 is not properly labeled as such, but the Court acknowledges it as the seventh objection. *See* ECF No. 30, PageID.2089.

potential job openings while she was on medical leave, even if this means she "did not receive the same treatment as other laid off employees" who were not on medical leave. ECF No. 30, PageID.2093.

Insofar as this objection applies to Bunnell's FMLA retaliation claims, the Court agrees with the R&R that no reasonable jury could find that Bunnell had suffered an adverse employment action because she was not offered the Dearborn job, nor could a reasonable jury find that she has met her burden to establish causation. ECF No. 27, PageID.2047-2048.

## IV.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Ivy's Report and Recommendation (ECF No. 27). Defendant's Motion for Summary Judgment (ECF No. 20) is **GRANTED**. Plaintiff's Objections (ECF No. 30) are **OVERRULED**. The Amended Complaint (ECF No. 13) is **DISMISSED WITH PREJUDICE**.

**This is a final order that closes the case.**

**IT IS SO ORDERED.**

Dated: September 19, 2024                s/Brandy R. McMillion
                                         Brandy R. McMillion
                                         United States District Judge